**Ruben G. LOZANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–83–00207–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 10, 1983.

C.N. Rothe, San Antonio, for appellant.

Sam D. Millsap, Jr., Crim. Dist. Atty., Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

Appeal is taken from conviction for aggravated rape. The jury set punishment at sixty years. We affirm.

The first two grounds assert error in admitting the testimony of Officer Madero relating to statements made to him by the complainant shortly after she was attacked. The officer was the first to talk to the complainant. He asked her what had occurred. She responded she had been raped by a Spanish male, that she had been in her bedroom when she heard a noise, that when she went to investigate she was stabbed in the stomach and upper part of the back. She continued that she was forced to disrobe and was then raped by the Latin-American male. She concluded by telling the officer that her sister-in-law had been forced to lie on the floor next to the bed and that her small child was placed on the edge of the bed.

The statements made to the officer were admissible as exceptions to the

hearsay rule, both as outcry and as spontaneous utterances. Statements constituting a rape victim's complaint are admissible as an outcry without regard to spontaneity. *King v. State,* 631 S.W.2d 486 (Tex.Cr.App. 1982). Statements which are made under the grip of violent emotion, excitement or pain can be classified as spontaneous utterances. *King,* supra. We believe the statements satisfy the test set forth in *Sellers v. State,* 588 S.W.2d 915, 918 (Tex.Cr.App. 1979), to qualify as spontaneous utterances. In *Sellers,* the court determined that a spontaneous utterance is an exception to the hearsay rule, if:

(1) The statement is a product of an occurrence startling enough to produce a state of nervous excitement which would render the utterance spontaneous and unreflecting.

(2) The utterance is made before there is time to contrive or misrepresent, that is, the state of excitement produced by the startling event must still dominate the reflective powers of the mind.

(3) The utterance must relate to the circumstances of the occurrence preceding it.

It is not necessary that each of these requisites must be clearly and independently shown, but it is their cumulative effect that is considered. Id. Being stabbed and raped is certainly startling enough to produce a state of nervous excitement. Further, the evidence showed that at the time of the statements, the complainant was hysterical and upset, demonstrating that the event was still dominating her reflective powers. And finally, the statements obviously related directly to the circumstances and occurrences preceding them. The fact that the statements were in response to the officer's questions is but a factor to be considered and goes to their weight and not to their admissibility. *King,* supra. Appellant's first two grounds are overruled.

In the third ground Appellant contends his trial was barred by the doctrine of double jeopardy. Giving rise to this claim is the fact that on May 12, 1982, after a jury had been impanelled and sworn, it was discovered that there was evidence favorable to the Appellant which had not been disclosed to the Appellant. The district attorney was told on the day before the May 12 setting that the complaining witness had identified someone other than the Appellant in a photographic lineup in which Appellant's picture appeared. The officer who handled the lineup testified that he did not notify the district attorney until the day before the May 12 setting, and that he (the officer) had not thought it was important. He denied his failure to mention it earlier was designed to surprise the Appellant and stated he was only following policy. Appellant's motion for a mistrial was granted. Where the defense moves for a mistrial and it is granted, the second trial involved, like in the case before us, is not barred unless it was the intention of the prosecutor to provoke the defendant into moving for a mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). There was no such showing. Furthermore, although the complainant was unable to identify the Appellant in court, the sister-in-law, who was also stabbed in the stomach and back on the occasion in question, positively identified the Appellant in court as the assailant. Appellant's third ground is overruled.

The judgment is affirmed.